JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
JOSEPH M. ALIOTO JR. (SBN 215544)
jalioto@cpmlegal.com
MALLORY A. BARR (SBN 317231)
mbarr@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator STF, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* STF, LLC, an organization; STATE OF CALIFORNIA; *ex rel.* STF, LLC, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>VIBRANT AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 3:l6-cv-02487-JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

# JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules 16-9 and 16-10, the Relator STF, LLC ("Relator"), and Vibrant America, LLC ("Vibrant" or "Defendant"), submit this Joint Initial Case Management Conference Statement and Rule 26(f) Report. The respective positions of the parties are set forth below.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties met and conferred on March 26, 2020 via telephone. In attendance were:

Joseph M. Alioto Jr.
Mallory A. Barr
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Thomas S. Brown
Lori A. Rubin
**Foley & Lardner LLP**
555 California Street | Suite 1700
San Francisco, CA 94104-1520

1. **Jurisdiction and Service:** This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. Section 1346. On March 16, 2020, Vibrant was personally served with the summons, complaint and other documents as ordered by this Court's March 10, 2020 order. (*See*, Dkt. Nos. 34, 36.) There are no jurisdictional challenges.

2. **Facts:**

Relator's Allegations

Relator STF, LLC brought this case on behalf of the United States and the State of California charging eight causes of action alleging defendant Vibrant America ("Vibrant") violated the federal False Claims Act, the California False Claims Act, and the California Insurance Fraud Prevention Act.

Vibrant is a medical company that analyzes blood specimens in its laboratory located in San Carlos, California. Vibrant's business relies on a steady flow of specimens to analyze, and this case alleges that Vibrant unlawfully employed two kickback schemes to encourage doctors to use Vibrant's blood laboratories.

In one of the alleged schemes, Relator alleges Vibrant pays a $15 kickback to physicians' family or staff members for each blood specimen the physician sends to Vibrant. Relator alleges Vibrant attempts to conceal the fraud by entering into sham phlebotomy contracts with the physician's family members or staff and paying them the $15 kickback as a "process and handling" or "collection" fee, even if those people do not draw the blood or are even licensed to draw blood. In return for these alleged kickbacks, Vibrant allegedly expects the doctor to refer more blood specimens to Vibrant, which then charges Medicare and Medicaid for the blood testing services performed.

In a related kickback scheme alleged by Relator, Vibrant allegedly promises to cap patient deductibles and/or co-payments at $25 for physicians' privately insured patients. This $25 cap allegedly is of great value and benefit to physicians because it allows them to attract and retain patients by promising to perform all lab testing for no more than $25. Additionally, Relator alleges Vibrant promises physicians that it will never send patients to collections for failure to pay the $25 deductible or co-payment. This alleged waiver of deductibles and copayments and its payment of draw fees allegedly constitutes illegal renumeration designed to: (1) "pull through" high-paying Medicare and Medicaid business to Vibrant; (2) entice Medicare, Medicaid, and privately insured patients to seek treatment from and/or continue to receive treatment from physicians whose family and staff member have illegal kickback arrangements with Vibrant; and (3) induce physicians to order excessive numbers of tests from Vibrant for their Medicare, Medicaid, and privately insured patients.

<u>Vibrant's Position:</u>

Vibrant does not pay kickbacks, submit false claims, enter into sham contracts, or unlawfully induce referrals. Vibrant pays fees that are appropriate for the services performed, and Vibrant engages in appropriate billing practices. Vibrant has not engaged in any unlawful conduct.

3. **Legal Issues:**

<u>Vibrant's Position:</u>

Vibrant states it has not violated the federal False Claims Act or the California False Claims Act, including because it has not submitted a false claim for payment by the government, much less one that was material or submitted knowingly, and including because Vibrant did not commit any violation of the federal Anti-Kickback Statute. Further, Vibrant has not violated the California Insurance Frauds Prevention Act,

including for the same reasons stated above and including because it has not paid illegal remuneration, has not knowingly employed persons to unlawfully procure patients, and has not caused the submission of claims for medically unnecessary or unreasonable tests. Moreover, Relator does not have standing to bring a claim under the California Insurance Frauds Prevention Act. As to the Complaint in this case, Vibrant disputes that Relator even has stated any claim under the federal False Claims Act, the California False Claims Act, and the California Insurance Fraud Prevention Act, and Vibrant is preparing a meritorious motion to dismiss this case in full.

4. **Motions:** There are currently no pending motions. Defendant anticipates filing a Motion to Dismiss and the parties have agreed to the below briefing schedule:

   a. <u>Defendant's Motion to Dismiss due</u>: May 15, 2020

   b. <u>Relator's Opposition due</u>: June 15, 2020

   c. <u>Defendant's Reply due</u>: June 29, 2020

   d. Hearing: The parties suggest setting the matter for hearing on Friday, July 10, 2020.

5. **Amendment and Pleadings:** Relator does not currently intend to amend the complaint. The Defendant was personally served on March 16, 2020, and a responsive pleading is due on Monday April 6, 2020. Defendant requested an extension of time to respond. Relator agreed to the extension to May 15, 2020, at which time the defendant will file a motion to dismiss. Defendant will file a joint stipulation and proposed order seeking an extension of time to answer.

6. **Evidence Preservation:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the preservation of evidence. The parties will continue to meet and confer regarding sources of electronic discovery and protocols for electronic discovery. The parties will continue to follow the United States District Court, Northern District of California "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information." The parties acknowledge and agree that, to the extent they possess electronically stored information ("ESI") responsive to a discovery request, that ESI is within the scope of matters subject to discovery in this case. All original ESI shall be preserved in native format until completion of this litigation.

Vibrant's Position:

Defendant represents it has met its obligations with respect to preserving all evidence related to the subject matter of this dispute.

Relator's Position:

In Relator's view, the temporal scope of this litigation relates back ten years from the filing of the complaint, or May 9, 2006 and continues up to the present. Relator respectfully notifies Vibrant of its legal obligation to preserve all records, documents or other evidence related to the subject matter of this dispute from May 9, 2006 to the present.

7.  **Disclosures:** Initial disclosures are due on April 9, 2020, 14 days after the parties' Rule 26(f) conference. As explained in the following section, the parties are seeking to resolve a brief discovery stay which would include the exchange of initial disclosures.

8.  **Discovery:**

The parties have been engaged in detailed discussions about a possible temporary stay of discovery in light of the COVID-19 situation and will advise the Court promptly of their efforts.

Additional information concerning discovery:

    a.    Discovery taken to date: Discovery has not started.

    b.    Scope of anticipated discovery:

        i.    Relator's position is that the temporal scope of discovery will date back to 10 years from the filing of the complaint. Relator intends to seek information generally including contracts for blood draw fees, records of all payments on those contracts, insurance claims records and data for all patients referred under the contracts, invoices, internal communications regarding the contracts, sales pitches, policies and procedures, information related to "pull through" and number of "accessions," any fair market value analysis, among other topics.

        ii.    Defendant intends to seek information regarding Relator's allegations; information refuting Relator's allegations; Relator's identity including the

individuals who comprise it, including all members, owners, principals, personnel, staff, employees, and shareholders; Relator's alleged firsthand knowledge of Relator's allegations; Relator's role in any purported scheme; Relator's claims for damages; and, the fair market value of any fees paid, among other topics.

    c. <u>Proposed limitations or modifications of the discovery rules</u>:

        i. Relator believes modification of the discovery rules will be necessary. Relator anticipates they will need to take 15-20 depositions of Defendant's employees, including 30(b)(6) depositions, and will likely need to engage in significant third-party discovery.

        ii. Defendant disagrees modification of the discovery rules is necessary at this time, and states that Relator has not provided any support that modification of the discovery rules is necessary. As such, it would not be appropriate at this time to modify the discovery rules.

    d. <u>E-discovery</u>: The parties have not yet considered entering into a stipulated e-discovery order at this time. The parties have not identified any discovery disputes at this time.

    e. <u>Completion of discovery</u>: The parties anticipate fact discovery will take eight months, and that expert discovery will take an additional two months.

    f. <u>Protective Orders</u>: The parties anticipate a Protective Order will be necessary in this matter to ensure, inter alia, compliance with the Health Insurance Portability and Accountability Act ("HIPPA"). The parties have agreed to use the Northern District's model protective order, as modified for this case. The parties will submit a stipulated Protective Order to the Court within 30 days of this filing.

9. **Class Actions:** This case is not a class action.

10. **Related Cases:** There are no related cases.

11. **Relief:** On the First through Eighth Causes of Action Relators seeks treble damages, the maximum amount of civil penalties for each false claim under the federal False Claims Act, California Insurance Frauds Prevention Act, and the California False Claims Act, costs of suit, pre- and post-judgment interest at the maximum legal rate, attorneys' fees, and further relief as this Court deems just and equitable.

Further, Relators, on their own behalf, request that they receive such maximum amount as permitted by law, of the proceeds of this action or settlement of this action collected by the United States, and States of California, plus an amount for reasonable expenses incurred, plus reasonable attorneys' fees and costs of this action. Relators request that their percentage be based upon the total value recovered, including any amounts received from individuals or entities not parties to this action.

As for Vibrant, not knowing the true identity of Relator, which goes by "STF, LLC," an unknown corporate entity, Vibrant cannot identify at this time whether it has counterclaims and thus any accompanying requests for relief.

12. **Settlement and ADR:** The parties have agreed to participate in the mediation process. No mediation date has been set.

13. **Consent to Magistrate Judge For All Purposes:** The parties have consented to the Magistrate Judge for all purposes.

14. **Other References:** The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** The parties have not agreed to any narrowing of the issues at this time.

16. **Expedited Trial Procedure**: The parties do not consent to an expedited trial procedure.

17. **Scheduling:**

In light of the proposed stay of discovery, the scheduling in this case is subject to change. The following schedule accounts for a 90-day discovery stay. If the stay is not ordered, the proposed schedule should be advanced 90 days; similarly, additional stays may require continuing the proposed deadlines.

    a. <u>Trial Date</u>: October 26, 2021

    b. <u>Final Pretrial Conference</u>: October 9, 2021

    c. <u>Last Day to Conduct Settlement Conference or Mediation</u>: September 25, 2021

      d. <u>Last Day for Hearing Dispositive Motions</u>:  August 21, 2021

      e. <u>Last Day to File Dispositive Motions</u>:  June 15, 2021

      f. <u>Expert Discovery Cutoff</u>:  May 15, 2021

      g. <u>Expert Rebuttals</u>:  April 15, 2021

      h. <u>Expert Disclosures/Reports</u>:  March 30, 2021

      i. <u>Fact Discovery Cutoff</u>:  February 28, 2021

18. **Trial:** Relator respectfully demands a jury trial, which is expected to take approximately ten days.

19. **Disclosure of Non-party Interested Entities or Persons:**

      a. <u>Relator</u>:  Relator filed their Certificate of Interested Parties, which remains under seal. Relator is unaware of any additional persons or entities having a financial or other interest in the case.

      b. <u>Defendants</u>:  Vibrant America is 91% owned by Vibrant Sciences and 9% owned by Nikon Ventures Corporation.  Vibrant Sciences is 91% owned by Vibrant Holdings and 9% owned by Nikon Ventures Corporation. Dr. John Rajasekaran is the Managing Member of Vibrant America, Vibrant Sciences and Vibrant Holdings.  Nikon Ventures Corporation is a member of Vibrant America and Vibrant Sciences.

/
/
/
/
/
/
/
/
/
/

20. **Professional Conduct:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: April 3, 2020    **COTCHETT, PITRE & McCARTHY, LLP**

By: /s/ Joseph M. Alioto Jr.

JUSTIN T. BERGER
JOSEPH M. ALIOTO JR.
MALLORY A. BARR
*Attorneys for Relator*

Dated: April 3, 2020    **FOLEY & LARDNER LLP**

By: /s/ Thomas S. Brown
THOMAS S. BROWN
*Attorney for Defendant Vibrant America, Inc.*

Case 3:16-cv-02487-JCS   Document 42   Filed 04/03/20   Page 10 of 11

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: April _____ , 2020                    _____
                                                                           JOSEPH C. SPERO
                                                                           Chief Magistrate Judge


**Civil Local Rule 5-1(i)(3) Attestation**

Pursuant to Civil Local Rule 5-1(i)(3), I, Joseph M. Alioto Jr., the ECF user whose user ID and password are being utilized in the electronic filing of the foregoing Joint Case Management Conference Statement and [Proposed] Order, hereby attest that I obtained concurrence in the filing of the document from each of the signatories hereto.

Dated: April 3, 2020                                    By:      /s/ Joseph M. Alioto Jr.