1   JUSTIN T. BERGER (SBN 250346)
    jberger@cpmlegal.com
2   JOSEPH M. ALIOTO JR. (SBN 215544)
    jalioto@cpmlegal.com
3   MALLORY A. BARR (SBN 317231)
    mbarr@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY, LLP**
    San Francisco Airport Office Center
5   840 Malcolm Road
    Burlingame, CA 94010
6   Telephone: (650) 697-6000
    Facsimile: (650) 697-0577
7
    *Attorneys for Relator STF, LLC*
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11  UNITED STATES OF AMERICA *ex rel.* STF,          CASE NO. 3:l6-cv-02487-JCS
    LLC, an organization; STATE OF
12  CALIFORNIA; *ex rel.* STF, LLC, an               **[PROPOSED] STIPULATED PROTECTIVE
    organization,                                    ORDER**
13
                    Plaintiffs,
14
            v.
15
    VIBRANT AMERICA, LLC, a Delaware limited
16  liability company,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## II.   DEFINITIONS

2.1   Action: the above-captioned action, *United States ex rel. STF, LLC v. Vibrant America, LLC*, Case No. 3:16-cv-2487-JCS

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  CONFIDENTIAL information or Items include, but are not limited to, "Protected Health Information," which includes "individually identifiable health information" as defined in 45 C.F.R. § 160.103, and "medical information" as defined in Cal. Civil Code § 56.05(j).  Any Protected Health Information/medical information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; to the provisions of 45 C.F.R. §§ 164.102-164.534; to the provisions of 42 U.S.C. § 1306; to the provisions of Cal. Civil Code §§ 56.05 et. seq., the California Confidentiality of Medical Information Act; to the peer review confidentiality provisions set forth in California Evidence Code § 1157; and/or to the privacy provisions of various state(s) law(s); and there may be no waiver or authorization by the patient or other holder of privilege/protection to produce the records to any entity outside one of the Parties.

"Protected Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, audit letters, checks, notices, and requests.  "Protected Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Protected Health Information."  All Protected Health Information shall be deemed to be "CONFIDENTIAL."

2.4    <u>Counsel</u> (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

2.11    <u>Party or Parties</u>:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1

## V.     DESIGNATING PROTECTED MATERIAL

2       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-

3 Party that designates information or items for protection under this Order must take care to limit any such

4 designation to specific material that qualifies under the appropriate standards.  It is the intent of the Parties

5 that information will not be designated as confidential for tactical reasons and that nothing be so

6 designated without a good faith belief that it has been maintained in a confidential, non-public manner,

7 and there is good cause why it should not be part of the public record of this case.

8       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

9 clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

10 delay the case development process or to impose unnecessary expenses and burdens on other Parties)

11 expose the Designating Party to sanctions.

12       If it comes to a Designating Party's attention that information or items that it designated for

13 protection do not qualify for protection, that Designating Party must promptly notify all other Parties that

14 it is withdrawing the mistaken designation.

15       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g.,

16 second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

17 Material that qualifies for protection under this Order must be clearly so designated before the material is

18 disclosed or produced.

19       Designation in conformity with this Order requires:

20       (a)  for information in documentary form (e.g., paper or electronic documents, but

21 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

22 the legend "CONFIDENTIAL" ("CONFIDENTIAL legend") to each document that contains Protected

23 Material.

24       A Party or Non-Party that makes original documents or materials available for inspection need not

25 designate them for protection until after the inspecting Party has indicated which documents or material it

26 would like copied and produced. During the inspection and before the designation, all of the material

27 made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

28 identified the documents it wants copied and produced, the Producing Party must determine which

documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each document that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3    <u>Inadvertent Failures to Designate</u>.  A document produced or disclosed without being designated as "CONFIDENTIAL" may be subsequently designated as "CONFIDENTIAL."  In each such case, the Producing Party designating the document as "CONFIDENTIAL" shall provide to the other Party written notice of that designation and a copy of the document marked or identified under this paragraph, or identify that document by bates number.  The disclosure by the Producing Party, regardless of whether the information was designated as "CONFIDENTIAL" at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either on the specific information disclosed or on any other information relating thereto or on the same or related subject.  Upon receipt of a subsequent "CONFIDENTIAL" designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  A Party may challenge a confidentiality designation pursuant to the procedure set forth in Paragraph 6.1 herein.

## VI.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.

1   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

2   challenge to the confidentiality designation is being made in accordance with this specific paragraph of the

3   Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the

4   process by conferring directly (in voice to voice dialogue; other forms of communication are not

5   sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must

6   explain the basis for its belief that the confidentiality designation was not proper and must give the

7   Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

8   if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party

9   may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

10   process first or establishes that the Designating Party is unwilling to participate in the meet and confer

11   process in a timely manner.

12          6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention,

13   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

14   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

15   within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute,

16   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that

17   the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

18   Failure by the Designating Party to make such a motion including the required declaration within 21 days

19   (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged

20   designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

21   at any time if there is good cause for doing so, including a challenge to the designation of a deposition

22   transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by

23   a competent declaration affirming that the movant has complied with the meet and confer requirements

24   imposed by the preceding paragraph.

25          The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

26   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

27   expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the

28   Designating Party has waived the confidentiality designation by failing to file a motion to retain

1  confidentiality as described above, all Parties shall continue to afford the material in question the level of

2  protection to which it is entitled under the Producing Party's designation until the court rules on the

3  challenge.

4  **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5       7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6  produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending,

7  or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

8  persons and under the conditions described in this Order. When the litigation has been terminated, a

9  Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving Party at a location and in a

11  secure manner that ensures that access is limited to the persons authorized under this Order.

12      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

13  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

14  item designated "CONFIDENTIAL" only to:

15      (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees

16  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

17  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto

18  as Exhibit A;

19      (b)  *Qui Tam* Relator STF, LLC members who have signed the "Acknowledgment and

20  Agreement to Be Bound" (Exhibit A);

21      (c)  the officers, directors, and employees (including House Counsel) of the Receiving

22  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

25  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

26  Bound" (Exhibit A);

27      (e)  the court and its personnel;

28

(f)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  during their depositions or non-trial hearing, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussion pertaining to the Action who have signed the "Acknowledgment and Agreement to Be Bound (Exhibit A); and

*(i)*  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   <u>Confidential Information in Trial Proceedings</u>.  This Protective Order does not apply to trial proceedings.  The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order.

## VIII.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation, or request for information from a regulatory or enforcement agency, that compels disclosure of any information or items in this Action that contain a confidentiality designation, that Party must, unless prohibited by law:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request for information;

(b)  promptly notify in writing the Party who caused the subpoena, court order, or request for information to issue in the other litigation that some or all of the material covered by the subpoena, court  order, or request for information is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or request for information shall not produce any information or items in this Action designated as "CONFIDENTIAL" before a determination by a court ordering disclosure of such information, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to

1  the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court

2  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court

3  of its Protected Material.

4  **X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

6  to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

7  Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

8  its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

9  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

10  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

11  as Exhibit A.

12  **XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

13  **MATERIAL**

14       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

15  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

16  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

17  whatever procedure may be established in an e-discovery order that provides for production without prior

18  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an

19  agreement on the effect of disclosure of a communication or information covered by the attorney-client

20  privilege or work product protection, the Parties may incorporate their agreement in the stipulated

21  protective order submitted to the court.

22  **XII.   MISCELLANEOUS**

23       12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

24  modification by the court in the future.

25       12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

26  Party waives any right it otherwise would have to object to disclosing or producing any information or

27  item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

28  to object on any ground to use in evidence of any of the material covered by this Protective Order.

1       12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court

2   order secured after appropriate notice to all interested persons, a Party may not file in the public record in

3   this Action any Protected Material. A Party that seeks to file under seal any Protected Material must

4   comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court

5   order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5,

6   a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged,

7   protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's

8   request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

9   then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

10  unless otherwise instructed by the court.

11  **XIII.**  **FINAL DISPOSITION**

12      Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving

13  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

14  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

15  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

16  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

17  same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

18  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

19  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

20  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

21  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

22  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

23  consultant and expert work product, even if such materials contain Protected Material. Any such archival

24  copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

25  Section 4 (DURATION).

26  /

27  /

28  /

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   Dated:  May 26, 2020              **COTCHETT, PITRE & McCARTHY, LLP**

4

5                                     By:  ___*/s/ Joseph M. Alioto Jr.*_____
                                          JUSTIN T. BERGER
6                                         JOSEPH M. ALIOTO JR.
                                          MALLORY A. BARR
7                                         *Attorneys for Relator*

8

9   Dated:  May 26, 2020              **FOLEY & LARDNER LLP**

10

11                                    By:  ___*/s/ Thomas S. Brown*_____
                                          THOMAS S. BROWN
12                                        JUDITH A. WALTZ
                                          LORI A. RUBIN
13                                        *Attorneys for Defendant*

14

15  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

16

17  IT IS SO ORDERED.

18  Dated: May _____, 2020          _____

19                                          JOSEPH C. SPERO
                                          Chief Magistrate Judge

20

21

22

23

24

25

26

27

28

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____ [print or

4    type full address], declare under penalty of perjury that I have read in its entirety and understand the

5    Stipulated Protective Order that was issued by the United States District Court for the Northern District of

6    California on [date] in the case of *United States ex rel. STF, LLC v. Vibrant America LLC*, Case No. 3:16-

7    cv-2487-JCS.. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

8    and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment

9    in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or

10   item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

11   with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

14   such enforcement proceedings occur after termination of this Action.

15      I hereby appoint _____

16   [print or type full name] of _____

17   [print or type full address and telephone number] as my California agent for service of process in

18   connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

19

20   Date: _____

21   City and State where sworn and signed: _____

22   Printed name: _____

23   Signature: _____

24

25

26

27

28

**FILER'S ATTESTATION**

I, Joseph M. Alioto Jr., am the ECF user whose identification and password are being used to file this [Proposed] Stipulated Protective Order on behalf of Relator STF, LLC and Defendants Vibrant America, LLC.  In compliance with L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this [Proposed] Stipulated Protective Order has been obtained from each of the other signatories.

Dated:  May 26, 2020                         By:  */s/ Joseph M. Alioto Jr.*
                                                        JOSPEH M. ALIOTO JR.
                                                        Attorney for Relator STF, LLC


LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**[Proposed] Stipulated Protective Order; Case No. 3:16-cv-02487-JCS**