1  JUSTIN T. BERGER (SBN 250346)
   jberger@cpmlegal.com
2  BETHANY M. HILL (SBN 326358)
   bhill@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY, LLP**
   San Francisco Airport Office Center
4  840 Malcolm Road
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
6
   *Attorneys for Relator STF, LLC*
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA *ex rel.* STF, LLC, an organization; STATE OF CALIFORNIA; ex rel. STF, LLC, an organization,

   **Case No. 3:16-cv-02487-JCS**

12  
                                                **STIPULATION FOR ENTRY OF CONSENT JUDGMENT**

13              Plaintiffs,

14       v.

15  VIBRANT AMERICA, LLC, a Delaware limited liability company,

16       Defendants.

---

Relator STF, LLC ("Relator") and Vibrant America, LLC ("Vibrant" or "Defendant"), through their respective counsel, hereby stipulate and agree as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3732(a) and (b) and 28 U.S.C. §§ 1331 and 1345.

2. The Court has personal jurisdiction over Defendant in this action.

3. Venue is proper in the Northern District of California under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because Defendant resides in and transacts business in this District and because a substantial part of the events giving rise to the claims brought in this action occurred in this District.

4. Relator and Defendant (together, the "Parties") agree to all matters set forth in the proposed Consent Judgment against Vibrant, attached to this stipulation as Exhibit 1 (the "Consent Judgment"). A copy of the Consent Judgment is lodged with this stipulation.

5. The Court may immediately sign and enter the Consent Judgment without further notice or hearing.

6. Pursuant to a Settlement Agreement with the Department of Justice (the "Settlement Agreement") entered into by the Parties on October 21, 2021 (the "federal Effective Date"), and a Settlement Agreement with the California Department of Insurance (the "CDI Settlement Agreement") on January 31, 2022 (the "CDI Effective Date"), Vibrant shall pay to the United States, California, and Relator a total of $5,250,000.00 (the "Settlement Amount"), plus applicable interest as described below. Vibrant shall pay the following amounts to the United States, California, and Relator under the following terms and conditions:

   a. No later than ninety days after the respective Effective Dates of the Settlement Agreements, Vibrant shall pay the United States, California, and Relator a total of $500,000.00, allocated as described in the Settlement Agreement and CDI Settlement Agreement;

   b. Vibrant shall pay the remainder of the Settlement Amount in nineteen equal, quarterly installments, plus interest as described in the following paragraph, beginning no later than 180 days after the respective Effective

Dates of the Settlement Agreements, allocated between the United States, California, and Relator as described in the Settlement Agreement and CDI Settlement Agreement;

    c.    Beginning ninety days after the respective Effective Dates of the Settlement Agreements, simple annual interest will run on the any unpaid portion of the Settlement Amount at a rate of 0.75%; and

    d.    The above defined payments may be prepaid, in whole or in part, without penalty.

7.    The Settlement Amount shall not be discharged by means of a voluntary or involuntary bankruptcy or any other type of insolvency proceeding under the laws of the United States, including but not limited to 11 U.S.C. § 101, *et seq.*, or under the laws of any state or locality.  The Parties agree that the Consent Judgment is for a judgment under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA") and the California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871.7 *et seq.* ("IFPA") in favor of Relator, the United States, and California. Further, the Parties acknowledge that a judgment entered in an FCA and IFPA action in which the United States and California did not intervene is a judgment for the Relator, the United States, and California, as the United States and California are the real parties in interest in *qui tam* actions filed under the FCA and IFPA.

8.    As long as Vibrant makes the payments in the full amounts, and on or before the specified dates as set forth in Paragraph 6 above, neither Relator, United States nor California shall execute on the Consent Judgment.  But if Vibrant fails to make any payment under the terms described in Paragraph 6, then (a) the full Settlement Amount shall be immediately due and payable, (b) Relator, United States and California shall have the right to immediately execute on the Consent Judgment for the full remaining unpaid balance of the Settlement Amount as applicable, and (c) Vibrant shall be liable to the United States, California, and Relator, as applicable, for all costs, fees, and expenses, including but not limited to attorney's fees, incurred in connection with enforcing this Consent Judgment.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

STIPULATION FOR ENTRY OF CONSENT JUDGMENT;
Case No. 3:16-cv-02487-JCS

1

4848-3495-5988.2

9. When Vibrant fully pays the Settlement Amount, Relator shall prepare and file a Satisfaction of Judgment with the Clerk for the United States District Court for the Northern District of California.

10. Vibrant shall not charge back to the United States or California on any contract (including as a direct or indirect cost), or otherwise seek payment or reimbursement from the United States or California, for any portion of the Settlement Amount.

11. For purposes other than entering the Consent Judgment in this action, this Stipulation is neither an admission of liability by Vibrant, nor is it a concession by Relator, the United States and California that their claims are not well founded.

12. This Stipulation has been drafted by all the Parties and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Stipulation shall not be amended except by written consent of the Parties.

14. This Court shall retain jurisdiction to adjudicate disputes arising under this Stipulation. Such disputes may be raised with the Court by motion.

15. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

16. A Proposed Order accompanies this joint stipulation.

Dated: February 3, 2022　　　　**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Justin T. Berger*
　　JUSTIN T. BERGER
　　BETHANY M. HILL

*Attorneys for Relator*

Dated: February 3, 2022　　　　**FOLEY & LARDNER LLP**

By: */s/ Lori A. Rubin*
　　LORI A. RUBIN

**SSL LAW FIRM LLP**
Thomas S. Brown

*Attorney for Defendant Vibrant America, Inc.*